**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 91-8531

TOM PEARCE,

Plaintiff-Appellee,
Cross-Appellant,

versus

CARRIER CORPORATION,

Defendant-Appellant,
Cross-Appellee.

Appeal from the United States District Court
for the Western District of Texas

(July 10,1992)

Before POLITZ, Chief Judge, SMITH and BARKSDALE, Circuit Judges.

PER CURIAM:

This matter is before the court on the appeal of Carrier Corporation of post-trial motions following an adverse judgment on jury verdict in an Age Discrimination in Employment Act case, together with the cross-appeal by Tom Pearce of an adverse summary judgment on claims for pension benefits and severance pay and adverse rulings on reinstatement or alternatively for front pay.

We are presented with an issue of first impression regarding whether an ADEA claimant must prove actual loss to recover damages

for health insurance benefits or, in the alternative, whether the claimant automatically recoups the value of the insurance fringe benefit regardless of whether he has purchased substitute coverage or incurred out-of-pocket medical expenses.  There is a split in the circuits.  We agree with our colleagues in the Seventh and Ninth Circuits and now hold that an ADEA claimant is limited to recovery of those expenses actually incurred by either replacement of the lost insurance or occurrence of the insured risk.[1]

Finding no merit in any other issue raised, the appealed judgments and rulings of the trial court are AFFIRMED.

---

[1] See **Kossman v. Calumet County**, 800 F.2d 697 (7th Cir. 1986) and **Galindo v. Stoody Co.**, 793 F.2d 1502 (9th Cir. 1986) (plaintiff must prove purchase of alternative coverage or expenses incurred in lieu thereof); but see **Fariss v. Lynchburg Foundry**, 769 F.2d 958 (4th Cir. 1985); **Blackwell v. Sun Electric Corp.**, 696 F.2d 1176 (6th Cir. 1983) (not requiring actual damages proof).